**John Fredrick HERRING, Appellant,**

v.

**Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.**

**No. 9049.**

United States Court of Appeals
Tenth Circuit.

Feb. 8, 1967.

Claude S. Sena, Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

SETH, Circuit Judge.

The appellant was convicted of armed robbery on December 2, 1955, in the District Court of Socorro County, New Mexico, and sentenced to the New Mexico State Penitentiary, where he is now an inmate. No appeal was taken from the judgment and sentence of the state trial court.

Appellant's petition for a writ of habeas corpus in the United States District Court alleges a denial of his constitutional rights in the state trial. Counsel was appointed to represent him

in the United States District Court. A pretrial conference was held, and appellant's habeas corpus petition was there dismissed, without prejudice, because available state remedies had not been exhausted, and this appeal followed.

From the somewhat incomplete record on appeal, it appears that appellant, in March 1965, filed a petition for a writ of error coram nobis in the state court that imposed sentence, and it appears that no action was taken on the petition by the state trial court. Some time after March 1965 the appellant filed a petition for a writ of habeas corpus in the District Court of Santa Fe County, New Mexico, in which county the state penitentiary is situated. The habeas corpus petition in the state district court was apparently denied; an appeal was taken, but in March 1966 the New Mexico Supreme Court dismissed the appeal for failure to comply with New Mexico's new post-conviction procedure under Rule 93 of the New Mexico Supreme Court. This rule was applicable to all actions seeking post-conviction relief after December 31, 1965. N.M.Stat.Ann. § 21–1–1(93) (1966 Interim Supp.).

Rule 93 of the New Mexico Supreme Court is comparable to the federal statute which sets forth the procedure for collateral attack on federal sentences. 28 U.S.C.A. § 2255. Like its federal counterpart, rule 93 requires that petitions seeking post-conviction relief be addressed to the sentencing court, and that habeas corpus petitions will not be entertained when the petitioner has failed to utilize rule 93, unless it appears that the procedure under rule 93 is inadequate or ineffective to test the legality of the petitioner's detention. Rule 93 also provides for appeal from the state trial court's order "as from a final judgment in the manner and within the time provided in Supreme Court Rule 5."

After the New Mexico Supreme Court had dismissed the state habeas corpus appeal for failure to comply with rule 93, the appellant filed a rule 93 petition in the state trial court in April 1966, the same month in which the petition for a writ of habeas corpus, here involved, was filed in the United States District Court.

On June 30, 1966, the United States District Judge held a pretrial conference in the habeas corpus proceedings at which the appellant was represented by appointed counsel. The transcript of the pretrial conference shows that the district judge was advised of the appellant's rule 93 petition then pending in the state trial court, and that the district judge was reluctant to proceed until the state courts had disposed of the rule 93 petition, filed some two months before. The United States District Court therefore entered an order dismissing the appellant's petition for a writ of habeas corpus, without prejudice, finding that the appellant "has failed to exhaust his available state remedies and there has been no incapacity or interference preventing him from using these remedies."

The appellant then indicated his desire to appeal the order of dismissal on the ground that the state trial court had not entered an order disposing of the petition for a writ of error coram nobis filed some sixteen months before, thus suggesting that further attempts to obtain post-conviction relief under rule 93 were futile because of delays encountered in the state trial court.

During argument before this court in December 1966, counsel advised that the state trial court had entered an order denying the appellant's petition under rule 93, which had been filed in the same month as the habeas corpus petition in the United States District Court. The state trial court's order denying relief under rule 93 is not part of the record on appeal, nor do we know the extent and nature of the proceedings in the state trial court. The record does not disclose whether the appellant has appealed or can now appeal from denial of his rule 93 petition to the New Mexico Supreme Court, as provided by the rule.

There is nothing whatever in the record upon which we might conclude that the remedy provided by rule 93 is

inadequate or ineffective to test the legality of the appellant's detention under the constitutional grounds asserted in the appellant's petition to the United States District Court. The appellant had not exhausted his available state remedies when the court below dismissed his habeas corpus petition, and dismissal, without prejudice, was not erroneous. Robinson v. Cox, No. 8322, 10th Cir., January 27, 1966; 28 U.S.C.A. § 2254.

Affirmed.